| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KENDRICK O'BRIAN CRAWFORD. | ) | |
| | ) | |
| Defendant. | ) | |

On March 19, 2012, without a plea agreement, Kendrick O'Brian Crawford ("Crawford") pleaded guilty to six counts of distribution of a quantity of cocaine base (crack). See [D.E. 26, 43]. On June 28, 2012, the court held Crawford's sentencing hearing. See [D.E. 38, 39, 44]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Crawford's total offense level to be 31, his criminal history category to be III, and his advisory guideline range to be 135 to 168 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Crawford to 135 months' imprisonment on each count to run concurrently. See id.; [D.E. 39, 44]. Crawford appealed. On November 1, 2013, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Crawford, 734 F.3d 339, 341–44 (4th Cir. 2013).

On October 20, 2014, Crawford filed a pro se motion for a sentence reduction [D.E. 55]. On September 15, 2015, Crawford (through counsel) moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 58]. On September 16, 2015, Crawford filed a memorandum of law in support of his motion for a sentence reduction [D.E. 59]. Crawford's new advisory guideline range is 108 to 135 months' imprisonment, based on a total

offense level of 29 and a criminal history category of III. See Resentencing Report. Crawford requests a 108-month sentence. See id.; [D.E. 58]. On September 25, 2015, the government responded to Crawford's motion [D.E. 60].

The court has discretion to reduce Crawford's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Crawford's sentence, the court finds that Crawford engaged in serious criminal behavior. See PSR [D.E. 30] ¶¶ 5–9. Moreover, Crawford is a recidivist and has convictions for possession with intent to sell and deliver cocaine and possession of cocaine. See id. ¶¶ 12–16, 20. Crawford also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 12–13, 18, 31–37. Crawford has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for using intoxicants (alcohol). See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Crawford received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Crawford's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Crawford's motion for reduction of sentence under Amendment 782. See, e.g.,

Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26;

Perez, 536 F. App'x at 321.

In sum, the court DENIES Crawford's motions for reduction of sentence [D.E. 55, 58].

SO ORDERED. This 23 day of May 2018.

JAMES C. DEVER III
Chief United States District Judge